

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>-vs-<br><br>VINCENT MICHAEL PEREZ,<br>Defendant. | CR 14-10021<br><br>REPORT AND RECOMMENDATION<br>ON<br>MOTION TO SUPPRESS STATEMENT |

Defendant Vincent Michael Perez filed a Motion to Suppress Statements. Doc. 17. The Court received evidence at an evidentiary hearing held on August 27, 2014 and now makes the following Report and Recommendation.

## RECOMMENDATION

It is respectfully recommended that Defendant's Motion to Suppress be granted.

## JURISDICTION

Defendant is charged by Indictment with Possession of Child Pornography and Accessing Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The pending Motion to Suppress Statements was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Judge Kornmann's Standing Order dated November 29, 2006 and the Order Granting Continuance. Doc. 16.

## FACTUAL BACKGROUND

On March 7, 2014, while Defendant was in custody in the Roberts County Jail because of a drug charge unrelated to this case, FBI Special Agents Steven McAnany and Ted Miller interrogated Defendant. Defendant was in custody and that fact is not contested.

Prior to the interview, Agents McAnany and Miller discussed their strategy for the interview and decided they would start the interview by questioning Defendant about a

burglary in which Defendant was the victim and then the shift the questioning to child pornography allegations against Defendant. The Agents followed that plan during the interrogation.

At the beginning of the custodial interrogation, when the questioning was focused on the burglary, Special Agent McAnany discussed Perez's rights with him using a form that was admitted as Government Exhibit 1 at the hearing.[1] The form has one section headed "Your Rights" and a second section headed "Waiver of Rights." Defendant testified that he did not read the form because he did not have his reading glasses. Agent McAnany testified that he went over the form with Defendant[2] and confirmed that Defendant did not read the waiver of rights.

The issue in this case is whether Defendant asked that questioning stop or that he be allowed to consult with an attorney. If Defendant requested an attorney or requested that the interrogation cease, his statements, in response to further questions, must be suppressed. If he did not make such a request, the motion must be denied. *United States v. Sawyer*, 588 F.3d 548, 554 (8th Cir. 2009)(when a person is in custody and invokes his right to remain silent, the questioning must stop); *Edwards v. Arizona*, 451 U.S. 477, 484-

---

[1] The form has the following information:

### YOUR RIGHTS

Before we ask you any questions, you must understand your rights.
You have the right to remain silent.
Anything you say can be used against you in court.
You have the right to talk to a lawyer for advice before we ask you any questions.
You have the right to have a lawyer with you during questioning.
If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.
If you decide to answer questions now without a lawyer present, you have the right to stop answering at any time.

### WAIVER OR RIGHTS

I have read this statement of my rights and I understand what my rights are. At this time, I am willing to answer questions without a lawyer present.

[2] Agent McAnany normally has the subject of the interrogation initial each right listed on the Advice of Rights. That was not done in this case. Agent McAnany testified that he simply forgot to have Defendant initial the form.

485 (1981) (If a suspect requests counsel at any time before or during an interview, he is not subject to further questioning until counsel has been made available to him). "The government bears the burden of persuasion and must prove by a preponderance of the evidence that the challenged statements were voluntary." *United States v. LeBrun*, 363 F.3d 715, 724 (8th Cir. 2004)(en banc)

The agents testified that Defendant did not ask that questioning stop and that he did not ask for an attorney. Defendant testified that when the focus of the interrogation shifted to child pornography, he told the agents he wanted a lawyer and that he wanted the questioning to stop. The Court now must decide whom to believe – the two agents who testified that Defendant waived his rights and agreed to talk to them or Defendant who testified that he requested an attorney and that the questioning stop when the focus of the interrogation shifted to child pornography. A full recording of the interview would have, of course, documented whether Defendant asserted his rights.

The agents chose not to record the interrogation except for a short summary recording made at the conclusion of the interrogation. The summary recording is a series of seven questions by the agents to Defendant. Defendant admits that his *Miranda* rights were read to him at the beginning of the interrogation. Agent McAnany then asked if Defendant had saved the pictures, if the pictures were child pornography, and if Defendant was high and depressed when the pictures were saved. Defendant responded with the single word "Yes" to each of those questions. Defendant was then asked if he had anything else to say about the pictures to which he responded "I never took them" and then talked about the profile picture that would identify the person who did take the pictures.

Exhibit 1, the "Advise of Rights" form shows that Defendant was advised of his rights. The government used Exhibit 1 to show that Defendant was fully advised of his rights, understood his rights, and chose to answer questions without a lawyer present. If Defendant is to be believed, he understood his rights but then attempted to exercise his rights by stopping the questioning and by requesting an attorney.

The summary recording is of limited use. If the agents ignored Defendant's requests to stop the interview and to have an attorney, the summary recording would do no more than memorialize the unconstitutionally obtained statements.

The totality of the circumstances during the interrogation are difficult to assess based on the limited evidence presented to the Court. Neither the conduct of the agents nor Defendant's ability to resist pressure were addressed at the evidentiary hearing. *See, United States v. Brave Heart*, 397 F3d. 1035, 1040-1041 (8th Cir. 2003). On one hand, there is no evidence presented concerning Defendant's education, to indicate the agents used any type of strong-arm tactics but, on the other hand, no evidence was presented concerning Defendant's education or prior experience with the criminal justice system.

Whether Defendant asked that the questioning stop or that he be allowed to consult with an attorney is unclear. Based on the evidence presented to the Court, the testimony of the agents is no more credible than the testimony of Defendant. Because the government bears the burden of proof, it is recommended that the Motion to Suppress Statements be granted.

Dated September 2, 2014 at Aberdeen, South Dakota.

William D. Gerdes
US Magistrate Judge

## NOTICE

Failure to file written objections to the within and foregoing Report and Recommendation within fourteen (14) days from the date of service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. See 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b).

Case 1:14-cr-10021-CBK Document 24 Filed 09/02/14 Page 4 of 4 PageID #: 50