

FILED
OCT 27 2014
[clerk signature]

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VINCENT MICHAEL PEREZ,<br><br>Defendant. | CR 14-10021-CBK<br><br>ORDER ADOPTING<br>REPORT AND RECOMMENDATION |

Defendant is charged with possession of child pornography and accessing child pornography. He filed a motion to suppress statements he allegedly made to Federal Bureau of Investigation ("F.B.I.") Special Agents Steven McAnany and Theodore A. Miller on March 7, 2014. The Magistrate conducted an evidentiary hearing and issued a report and recommendation wherein he recommended that the defendant's statements be suppressed. The government filed objections to the report and recommendation. I have conducted a *de novo* review of the record.

Defendant contends that his statements should be suppressed based upon his invocation of his right to counsel and the agents' refusal to stop questioning when he invoked his right to counsel. The Fifth Amendment to the United States Constitution protects against self-incrimination. The law is clear that, prior to initiating custodial interrogation, government agents must warn a suspect that he has the right to remain silent and the right to have counsel present during interrogation if he so desires. Miranda v. Arizona, 384 U.S. 436, 467, 86 S.Ct. 1602, 1624, 16 L.Ed.2d 694 (1966).

> We have concluded that without proper safeguards the process of in-custody interrogation of persons suspected or accused of crime contains inherently compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so freely. In order to combat these pressures and to permit a full opportunity to exercise the privilege against self-incrimination, the accused must be adequately and effectively apprised of his rights and the exercise of those rights must be fully honored.

Id. An accused may waive his Fifth Amendment rights and defendant initially did so in this case. However, once an accused requests counsel, "the interrogation must cease until an attorney is present." Edwards v. Arizona, 451 U.S. 477, 482, 101 S.Ct. 1880, 1883, 68 L.Ed.2d 378 (1981).

There is no question that defendant was in custody on March 7, 2014, when he was interviewed by the two F.B.I. agents. There is no question that the agents gave the defendant his Miranda rights and he initially signed a waiver of those rights. The only issue in this case is whether the defendant thereafter invoked his Fifth Amendment right to counsel prior to further interrogation. Defendant contends that, prior to making any incriminating statements concerning the allegations of child pornography, he requested that questioning stop and that he be allowed to consult with an attorney. The government contends that the defendant did not, subsequent to waiving the right to counsel, reassert his right to have counsel present prior to further questioning.

The government objects to the magistrate's factual determination that the testimony of the agents is not more credible than the testimony of defendant. The government objects to the legal conclusion that the government failed to meet its burden of proof that the defendant's statements were voluntary.

I am entitled to "give weight to the magistrate judge's credibility determination." United States v. Martinez-Amaya, 67 F.3d 678, 681 (8th Cir. 1995). I have, however, conducted a *de novo* review of the record and have made the same credibility finding. I have long warned the F.B.I. that its continued failure to record interviews is the reason this Court is ever faced with credibility determinations in conjunction with motions to suppress.

> This is another all too familiar case in which the F.B.I. agent testifies to one version of what was said and when it was said and the defendant testifies to an opposite version or versions. Despite numerous polite suggestions to the F.B.I., they continue to refuse to tape record or video tape interviews. This results, as it has in this case, in the use, or more correctly, the abuse of judicial time, both from the U.S. Magistrate Judge and from the U.S. District Court, which should not occur. Private investigators routinely tape interviews and statements. All South Dakota Highway Patrol officers have tape recorders in their vehicles and tape all interviews conducted in a patrol vehicle. The taping is done by the Highway Patrol Officer without the suspect even being aware that the interview is being taped. Psychologists interviewing children in suspected child abuse cases are told by their professional societies to video tape all such interviews to ensure as far as possible that no suggestive or leading questions are being asked of the child. All jails in larger towns and cities in South Dakota video tape people arrested and brought to the jail. There is no good reason why F.B.I. agents should not follow the same careful practices unless the interview is being conducted under circumstances where it is impossible to tape or record the interview. These disputes and motions to suppress would rarely arise, given careful practices by F.B.I. agents. The present practice of the F.B.I. enables the agent to take notes and then type a Form 302, a summary of the interview, written entirely by the agent. The agent chooses, in some cases, the proper adjectives. The F.B.I. agent knows in advance of his or her plans to interview a criminal suspect and thus has full opportunity to prepare for the interview. The prosecutor then questions the defendant at trial by showing the defendant a copy of the 302, a document that is unsigned by the defendant and not written by the defendant. The prosecutor then

> attempts to show that the 302 is equivalent to a statement given by the defendant. It is not equivalent, of course. Both Chief Judge Piersol and this Court have repeatedly expressed our displeasure with F.B.I. tactics as to not taping or otherwise recording statements. Chief Judge Piersol has even spoken with F.B.I. Director Freeh about the problem and the Director was unaware of any such F.B.I. "policy." The argument that too much secretarial time would be required to type the transcript is a specious argument. First, there is no need to ever type anything in the case of a video tape since the tape is simply preserved until the case is concluded. It can then be used again. Second, there is no need to type or transcribe an electronic tape unless the same is possibly needed at a hearing or at trial. The tape could simply be played to the judge or to the jury or both without typing anything. Tapes cost very little, given all the money spent on law enforcement activities by the federal government. In addition, justice requires the practice whenever possible and cost should not determine the measure of justice and fair treatment of all persons accused of a crime.

United States v. Azure, 1999 WL 33218402, p. 1 (D.S.D. 1999).

The F.B.I has, at least in portions of South Dakota, been recording "summaries" of the defendant's statements but these summaries do little to assist the Court in making determinations as to the voluntariness of a defendant's statements or making credibility determinations. The use of summaries followed the Azure case.

More recently, the F.B.I. has, to its credit, began a practice of recording all statements made by a suspect who is in custody. This is a small step since most suspects are not in custody but are interviewed after the well know Griffin warnings are given.

The government bears the burden of proof at a suppression hearing to show that the defendant's statements were not obtained in violation of his Fifth Amendment rights. United States v. Matlock, 415 U.S. 164, 178, n. 14, 94 S.Ct. 988, 996, n. 14, 39 L.Ed.2d 242 (1974). I agree with the Magistrate that the government has failed to sustain its burden that

4

the defendant did not assert his right to stop the interrogation and obtain the assistance of counsel. He claims he was told that he had waived the right to counsel and the interview would proceed. He claims that he assumed he had no choice but to proceed.

This ruling does not rule out the possibility of using the statements for impeachment purposes but all such questions are for a later time.

Now, therefore,

IT IS ORDERED:

1. The Report and Recommendation, Doc. 24, is adopted.
2. The government's objections, Doc. 29, are overruled.
3. The defendant's motion, Doc. 17, to suppress statements is granted.

Dated this 27th day of October, 2014.

BY THE COURT:

*/s/ Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge